# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:10-CR-68 |
| | ) | JUDGE JORDAN |
| VICKI LYNN KEIRSEY | ) | |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the defendant, Vicki Lynn Keirsey, and the defendant admits that she has violated certain conditions of her supervised release. An agreement has been reached between the parties, recommending that Ms. Keirsey's supervised release should be revoked and that she should receive a sentence of ten (10) months followed by three (3) years of supervised release subject to the same standard and general conditions of supervised release previously imposed.

Ms. Keirsey agrees to waive her right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive her right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that she is giving up the following rights:

(1)     The right to the assistance of counsel for her defense.

(2)     The right to see and hear all the witnesses and have them cross-examined in her defense.

(3)     The right on her own part not to testify unless she chose to do so in her defense, and

(4)     The right to the issuance of subpoenas to compel the attendance of witnesses to testify on her behalf.

Ms. Keirsey stipulates to the following Grade C violations that can be proven by the government by a preponderance of the evidence:

(1) **Standard Condition: #2**: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

(2) **Standard Condition #3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

(3) **Special Condition #3**: The defendant shall pay restitution in monthly installments, at the rate of at least 10 percent of her monthly gross income.

(4) **Special Condition #4**: The defendant shall provide the probation officer with access to any requested financial information.

Ms. Keirsey continues to fail to provide complete and accurate monthly report forms and other requested financial paperwork despite continuous and repeated instructions to do so by the probation officer. When paperwork is received it is often incomplete and late. U.S. Probation Officer Scott A. Smith has been very specific on requests and has had Ms. Keirsey write down his instructions to avoid confusion. In addition, Ms. Keirsey has been advised that should she have any questions regarding what is needed, she should call the probation office and speak to Officer Smith, a duty officer, supervisor, or have the clerk call Officer Smith in the field, and her call will be returned. She also has been provided a cell phone number for Officer Smith. Ms. Keirsey has been told she does not need to report to the probation office, but can drop her paperwork off at the Midway Rehabilitation Center and Officer Smith will pick it up there to accommodate her work schedule and avoid missing work. She has yet to arrive at the Midway Rehabilitation Center as directed.

Since the last Petition for Revocation signed by the Court on August 12, 2013, Ms. Keirsey has failed to turn in any paperwork on time and has been untruthful on paperwork indicating she made restitution payments. Ms. Keirsey later admitted that she did not make the restitution payments as reported. Additionally, Ms. Keirsey is missing the back side of monthly report forms, most of her pay stubs, monthly management worksheets, and has still not provided this officer with a copy of her 2012 tax return, which was due to be filed by April 15, 2013, despite repeated requests for the document. Ms. Keirsey has told Officer Smith that she has faxed it in, then stated it was at ther home, then stated she has been unable to obtain it. Officer Smith gets different, and often conflicting, responses during conversations with Ms. Keirsey.

Since beginning her supervision with this officer on January 19, 2011, Ms. Keirsey continuously fails to make restitution payments. In the two years she has been supervised by Officer Smith, Ms. Keirsey has paid a total of $110, with the exception of a $2,997 tax return the government withheld in 2012. The only payment Ms. Keirsey has made since February 15, 2012, is a $10 payment in August 2013. Not only is Ms. Keirsey failing to pay at a rate of at least 10 percent of her monthly gross income, as ordered by the Court, but she refuses to provide Officer Smith with financial information necessary to determine what the monthly amount is that she would be required to pay.

Other information Officer Smith has requested on several occasions, but not received from Ms. Keirsey, are collateral telephone numbers. Ms. Keirsey has provided her most recent cell phone number, but Officer Smith is unable to contact her; nor has the phone been set up to receive voice mail. When questioned about this issue she stated she had "just no got around to it."

(5) **Standard Condition #6**: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

On October 31, 2013, Officer Smith called Ms. Keirsey to discuss continued noncompliant issues regarding her supervision. During this conversation she informed Officer Smith she had moved to a new address, but had failed to notify the probation officer prior to securing that residence, has not called the officer after she had moved into the new residence, and had not reported the move on a monthly report form. Ms. Keirsey has been reprimanded in the past for moving without notifying this office.

On January 24, 2014, Officer Smith attempted to reach Ms. Keirsey through her supervisor, Christina Long. Ms. Long advised Officer Smith that Ms. Keirsey quit reporting for work on December 6, 2013, and was terminated as a result. Ms. Keirsey has failed to notify Officer Smith that she was terminated.

(6) **Special Condition #2**: The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as she is released form the program by the probation officer.

Officer Smith has been diligently trying to obtain a drug screen from Ms. Keirsey since October 31, 2013, and to date has been unsuccessful. She has failed to appear at the Midway Rehabilitation Center for scheduled screens on November 1, November 11, November 12, November 20, November 27, December 6, and December 9, 2013. In addition, Officer Smith went to her place of employment to obtain a drug screen on November 8, 2013, and Ms. Keirsey advised she was unable to provide a sample, even after Officer Smith had waited for more than an hour. The

3

above dates are dates Officer Smith was able to reach Ms. Keirsey and instruct her to report or times she stated that she would go but failed to do so. At other times, she has not returned Officer Smith's calls, has informed the officer that she needs at least two weeks notice for screens, and other times has indicated that she needs three days notice so ETHRA can transport her. She also states she cannot find anyone to drive her despite reporting on three monthly management forms that she pays $100 for gas despite not having a car. After being told that ETHRA can provide her with a ride, Officer Smith essentially gave her an open schedule and told her that she needs to report to the Midway Rehabilitation Center to submit a drug screen and sign a Code-A-Phone agreement. On November 11, 2013, Ms. Keirsey took a week off from work, informing her supervisor that she needed to report to the Midway Rehabilitation Center as instructed by Officer Smith. Despite not working, Ms. Keirsey again failed to report as directed and has not contacted this officer. The last drug screen submitted by Ms. Keirsey was on June 11, 2013.

(7) **Special Condition #6**: The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as she is released from the program by the probation officer. The defendant shall waive all rights to confidentiality regarding mental health treatment in order to allow release of information to the supervising United States Probation Officer and to authorize open communication between the probation officer and the mental health treatment provider.

As outlined in previous reports to the Court, Officer Smith continues to instruct Ms. Keirsey to attend mental health counseling, but like many other aspects of her supervision, she simply refuses to comply with the Court's order or Officer Smith's instructions and is not attending counseling.

(8) **Special Condition (Pursuant to Agreed Order of Modification)**: The defendant shall serve up to six (6) months at the halfway house, with all other terms and conditions to remain the same.

On October 9, 2013, the Court approved an Agreed Order of Modified Probation allowing Ms. Keirsey to serve up to six (6) months at the halfway house, with all other terms and conditions to remain the same, in lieu of revoking her supervised release. The Bureau of Prisons set an admission date for Ms. Keirsey to enter Midway Rehabilitation Center on February 3, 2014, to complete the six months of halfway house placement. She failed to report to Midway before 2:00 p.m. as directed. Ms. Keirsey did leave a message for Officer Smith, at approximately 1:50 p.m. on February 3, 2014, stating that she would report on February 6, 2014. The call came from a number with caller ID blocked. A new date would have to be approved by the Bureau of Prisons as her reserved bed may no longer be available. In addition, the director of the program, Dr. Steve McNish, who is familiar with Ms. Keirsey, is

4

no longer willing to accept her due to continued issues she has had with him and his staff over the years. This became a moot point after Ms. Keirsey again failed to report the Midway Rehabilitation Center on February 6, 2014. She has not called to make other arrangements.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above constitute Grade C violations for which an advisory guideline range of 4 to 10 months would apply given her Criminal History Category II. The Court has considered these advisory guideline ranges. The Court has also considered the statutory maximum of ten (10) years imprisonment. The Court has also considered the factors listed in 18 U.S.C. §3553(a).

The Court concludes that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553(a). Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that she committed the violations alleged in the petition for warrant for offender under supervision.

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. §3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements. IT IS HEREBY ORDERED, therefore, that the defendant's supervised release is hereby revoked. The defendant is hereby sentenced to ten (10) months of incarceration followed by three (3) years of supervised release subject to the same standard and general conditions of supervised release previously imposed.

ENTERED this the 30th day of December 2014.

_____
Honorable R. Leon Jordan
United States District Judge

APPROVED FOR ENTRY:


Robert M. Reeves
Assistant U.S. Attorney

Vicki Lynn Keirsey
Defendant


Scott A. Smith
U.S. Probation Officer

Nikki C. Pierce
Attorney for Defendant


6